RICHARD L HOLCOMB (HI Bar No. 9177)
Holcomb Law, A Limited Liability Law Corporation
1136 Union Mall, Suite # 808
Honolulu, HI  96813
Telephone: (808) 545-4040
Facsimile: (808) 356-1954
Email: rholcomblaw@live.com

JUSTIN A. BRACKETT (HI Bar No. 9954)
1888  Kalakaua Ave., Suite C-312
Honolulu, HI  96815
Telephone: (808) 377-6778
Email:  justinbrackettlaw@gmail.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARKO CUSKAROVSKI, | ) |
| | ) CASE NO. 1:14-cv-492 |
| Plaintiff, | ) |
| vs. | ) COMPLAINT FOR DAMAGES |
| | ) DECLARATORY AND INJUNCTIVE |
| ARS NATIONAL SERVICES, INC., | ) RELIEF with VERIFICATION |
| | ) |
| Defendant. | ) |
| | ) JURY TRIAL REQUESTED |
| _____ | ) |

1

# COMPLAINT

## INTRODUCTION

1.      This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

## JURISDICTION

2.      Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 (federal question jurisdiction).

3.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ( "FDCPA").

4.      Venue is proper in this District because the acts and transactions occurred here, Defendant transacts business here, and Plaintiff resides here.

## PARTIES

5.      Plaintiff, Darko Cuskarovski (hereinafter referred to as "Plaintiff" and/or Mr. Cuskarovski), is a resident of this State, District and Division who is authorized by law to bring this action.

6.      Defendant ARS National Services, Inc. (hereinafter "Defendant" or "ARS") is a "debt collector" as defined by 15 U.S.C. § 1692a(6), and a for-profit

corporation organized in California, and maintains Steven Guttman, 220 S. King Street, Suite 1900, Honolulu, HI 96813, as its registered agent for service of process.

## FACTS

7.     Defendant makes telephone calls in the course of its business.

8.     The primary purpose of Defendant's business is the collection of debts.

9.     Defendant regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due to another.

10.     Defendant is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

11.     Defendant alleges that Kelly Jones incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction were primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Haw. Rev. Stat. § 443B-1.

12.     Mr. Cuskarovski is not currently, nor was he ever, a party to the underlying debt.

13.     Ms. Jones' alleged debt was sold or otherwise transferred to Defendant for collection and thereafter Mr. Cuskarovski received collection

communications and was subjected to collection acts from Defendant, all in an attempt to collect said debt.

14.    Defendant's representatives harassed Mr. Cuskarovski by making telephone calls to Mr. Cuskarovski's workplace in an attempt to collect the debt from Ms. Jones.

### Collection Calls to Mr. Cuskarovski

15.    As previously explained, Mr. Cuskarovski is not a co-signer on the underlying account and has no relationship with Ms. Jones.

16.    Neither Ms. Jones nor Mr. Cuskarovski authorized Defendant to contact Mr. Cuskarovski at all, especially not at his workplace.

17.    On July 25, 2014, "Jason," a representative of Defendant, called Mr. Cuskarovski at his workplace, Holcomb Law, LLLC.  Jason said he was calling to verify representation of Kelly A. Jones and left a reference number, 29718353. Jason called from telephone number (760) 670-3650.

18.    On July 25, 2014, Attorney Justin Brackett attempted to return Jason's call to determine why Defendant could possibly be calling Holcomb Law, LLLC. However, Defendant's representative would not transfer Mr. Brackett to Jason's extension unless Mr. Brackett provided his full name, reference number and other information which Mr. Brackett refused to provide.

19.    On July 30, 2014, "Jason" called Mr. Cuskarovski at his workplace again.  Jason said he was calling to confirm representation of Kelly A. Jones and left a reference number, 29718353.  Jason again called from telephone number (760) 670-3650.

20.    In this July 30, 2014 telephone call, Jason said that Defendant represents CitiBank.  Jason also informed Mr. Cuskarovski that Ms. Jones allegedly owed $676.61 on the account.

21.    These calls from Jason were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22.    At no time did Jason identify himself as a debt collector or state that the telephone call was an attempt to collect a debt.

23.    Mr. Cuskarovski is informed, and therefore asserts, that the telephone number (760) 670-3650 is a telephone number of Defendant, or was an active telephone number of Defendant when the calls were made.

24.    On October 10, 2014 at approximately 11:14 a.m., Linda Tapia, another representative or agent of Defendant, called Mr. Cuskarovski's workplace.

25.    When Mr. Cuskarovski answered the telephone Ms. Tapia stated her name and her company name, ARS National Services, Inc.

26.    Ms. Tapia asked Mr. Cuskarovski if Holcomb Law, LLLC represented

Kelly Jones.  Mr. Cuskarovski told Ms. Tapia that he did not have that information but would check with an attorney of Holcomb Law, LLLC.  Ms. Tapia informed Mr. Cuskarovski that she would call back in an hour to speak with the attorney. Ms. Tapia never called back on October 10, 2014.

27.    Then, on October 14, 2014 at approximately 12:00 p.m. HST, Ms. Tapia again called and spoke with Mr. Cuskarovski regarding Ms. Jones.

28.    On October 14, 2014, Ms. Tapia informed Mr. Cuskarovski of the return call number 1-800-665-3140.

29.    Mr. Cuskarovski is informed, and therefore asserts, that the telephone number 1-800-665-3140 is a telephone number of Defendant, or was an active telephone number of Defendant when the calls were made.

30.    Holcomb Law, LLLC does not, and has not ever, represented Ms. Jones in relation to an ARS account.

31.    These calls from Ms. Tapia were also "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

32.    Ms. Tapia never identified herself as a debt collector or stated that the telephone call was an attempt to collect a debt.

33.    Plaintiff has complied with all conditions precedent to bring this action.

## CAUSES OF ACTION

### COUNT ONE:  VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT

FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT:
FAILURE TO DISCLOSE IDENTITY AS A DEBT COLLECTOR

34.     Defendants' violations of the FDCPA also include, but are not limited to, the following:  The failure to disclose in each and every communication that the communication was from a debt collector, which is a violation of 15 U.S.C. § 1692e(11).

35.     Defendant's representatives never stated that they were debt collectors in any of the four telephone calls they made to Mr. Cuskarovski.

36.     Defendant's representatives called Mr. Cuskarovski on July 25, July 30, October 10,  and/or October 14, 2014.

37.  These communications were attempts to collect the alleged debt and thus were in direct violation of 15 U.S.C. § 1692e(11) as they did not include the requisite disclosures.

38. Defendant's representatives never even asserted that they were attempting to collect a debt.

SECOND VIOLATION OF
THE FAIR DEBT COLLECTION PRACTICES ACT:
<u>UNAUTHORIZED CONTACT BY DEFENDANT TO THIRD PARTIES</u>

34.     The acts of Defendant constitute multiple violations of the FDCPA.

Violations by Defendant of the FDCPA include, but are not limited to, the

following:   Communicating with any person other than the consumer for any

purpose other than the acquisition of location information about the consumer,

which is a violation of 15 U.S.C. §§ 1692b(1), 1692b(2), etc.

35.     Defendant attempted to contact alleged debtor Kelly Jones by

contacting and speaking with Mr. Cuskarovski at his workplace on four separate

occasions, by Jason on July 25 and July 30, 2014 and by Ms. Tapia October 10,

and October 14, 2014.  These communications were with Mr. Cuskarovski, who is

not a party to the underlying account.

36.     Consequently, Defendant communicated with a third party, Mr.

Cuskarovski, when attempting to collect a debt from Kelly Jones.  The FDCPA

forbids a debt collector from communicating with any third parties except under

limited circumstances not present here.

37.     In Defendant's four separate phone calls, Defendant never attempted to

confirm or correct Ms. Jones' location information.

38.     Without the prior consent of the consumer given directly to Defendant,

it may not communicate with any other person in connection with the collection of the debt, except Ms. Jones, her attorney in regards to that specific account, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, other than for the purpose of acquiring "location information".

39.    Defendant communicated with a third party on at least four separate occasions.

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: HARASSING, OPPRESIVE AND ABUSIVE CONDUCT BY DEFENDANT IN ITS ATTEMPT TO COLLECT A DEBT

40.    Defendant's violations of the FDCPA also include, but are not limited to, the following:   Any conduct the natural consequence of which is to harass, oppress or abuse any person, which is a violation of 15 U.S.C. § 1692d.

41.    In spite of having no information that Holcomb Law, LLLC represented Ms. Jones pertaining to any account held by Defendant, and despite the lack of any consent from Ms. Jones that would permit Defendant to contact Mr. Cuskarovski and/or Holcomb Law, LLC, Defendant has continued to call Mr. Cuskarovski.

42.    Defendant's collection calls to Mr. Cuskarovski are exceptionally annoying, particularly where, as here, Defendant will not accept return calls from a

third party who may be requesting no further communications without requiring the third party to first provide personal information.

43.    The purpose of the FDCPA is to promote fair debt collection whereby debt collectors must communicate directly with the consumer and show respect to the consumer's right to privacy.

44.    The collection attempts by the Defendant in its various telephone calls are attempts to harass, oppress or otherwise abuse Kelly Jones into payment of a debt.  The collection attempts by the Defendant did harass, oppress, or otherwise abuse Mr. Cuskarovski.

45.    The purpose of FDCPA is to prevent these types of overreaching collection tactics and means, and Defendant's conduct violated Ms. Jones's rights as an alleged consumer debtor.

### *Summary*

46.    The above-detailed conduct by Defendant and its agents in connection with collection of a consumer debt was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to, the above-cited provisions.

47.    As a result of Defendant's actions, Darko Cuskarovski is entitled to an award of actual damages, statutory damages, as well as an award of costs and

attorney fees.

## **TRIAL BY JURY**

48.     Plaintiff is entitled to and hereby respectfully demands a trial by jury.

US Const. amend. 7.  Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against

Defendant and in favor of the Plaintiff as follows:

a)     Declaratory judgment that Defendant violated Mr. Cuskarovski's rights under the Fair Debt Collection Practices Act;

b)     That Plaintiff be awarded actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every defendant in an amount to be determined at a trial by a jury;

c)     That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

d)     That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

e)     That the Court declare all defenses raised by Defendants to be insufficient; and

     f)     Such other and further relief, including injunctive relief as may be necessary to effectuate the Court's judgment, or as the Court otherwise deems just and equitable.

Respectfully submitted this the <u>31st</u> day of <u>October</u>, 2014.

> <u>*/s/ Justin A. Brackett*</u>
> Justin A. Brackett, Bar No. 9954
> Attorney for Plaintiff
> 1888 Kalakaua Ave., Suite C-312
> Honolulu, TN 96815
> (808) 377-6778
> justinbrackettlaw@gmail.com